**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4485

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY RAY LOVE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:05-cr-00024-1)

Submitted: January 17, 2007      Decided: February 14, 2007

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

M. Victoria Jayne, Hickory, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Ray Love appeals his conviction for manufacturing and possessing with intent to distribute more than 500 grams of methamphetamine, 21 U.S.C.A. § 841 (West 1999 & Supp. 2006), and his sentence of ninety-seven months imprisonment. Love's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in her view, there are no meritorious issues for appeal. Love has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.[*]

After his arrest, Love admitted that he had been making methamphetamine for several months, pled guilty to the above offense, and stipulated that fifty to 150 grams of methamphetamine (actual) was reasonably foreseeable to him. Love made no objections to the guideline range calculated in the presentence report, although he disagreed with certain other information contained in the report. After considering Love's clarifications, the advisory guideline range, and the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), the court imposed the minimum guideline sentence of ninety-seven months, and ordered Love

---

[*]Although in his plea agreement Love waived his appeal rights, we have declined to consider a defendant's appeal waiver where the government fails to assert the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). In this case, the government has not moved to dismiss Love's appeal.

to pay $1,549.41 in restitution to reimburse the Drug Enforcement Administration for clean-up costs at Love's residence.

On appeal, counsel suggests that the district court erred in failing to depart for substantial assistance. Love allegedly cooperated with the government while he was on pretrial release, but the government did not request a departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2005), and the plea agreement provided that the government had sole discretion to determine whether any assistance Love might provide was substantial. A government motion is necessary before the sentencing court may depart for substantial assistance. 18 U.S.C.A. § 3553(e) (West 2000 & Supp. 2006); USSG § 5K1.1. Thus, the court did not err in failing to depart sua sponte on this ground. Moreover, Love does not allege that the government's motive for withholding a § 5K1.1 motion was unconstitutional. See Wade v. United States, 504 U.S. 181, 186 (1992) (holding that defendant must make substantial threshold showing of improper motive to obtain review of government's decision not to move for substantial assistance departure). Love's ninety-seven-month sentence was within the correctly calculated guideline range of 97-121 months, and was thus reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm

the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED